IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>$128,915.00 IN UNITED STATES CURRENCY,<br>Defendant<br><br>and<br><br>CHRISTOPHER COOK,<br>Claimant. | Case No. 20–CV–00667–JPG |

### **MEMORANDUM OPINION AND ORDER**

This is a civil forfeiture case. Before the Court is the Government's Motion to Compel Responses to Special Interrogatories. (ECF No. 16). Claimant Christopher Cook responded. (ECF No. 17). For the reasons below, Court **DENIES** the Government's Motion and **ORDERS** the Government to respond to Cook's pending Motion to Dismiss by February 12, 2021.

**I.   PROCEDURAL & FACTUAL HISTORY**

In February 2020, a police officer seized $128,915 from Cook during a traffic stop because it was supposedly connected to a controlled-substance offense. (Verified Compl. for Forfeiture 1–2, ECF No. 1). The Government then launched this civil forfeiture proceeding to retain the cash under 21 U.S.C. § 881(a)(6). (*Id.*).

Cook disputes the Government's allegations, (V.S. of Claim & Interest 1, ECF No. 10), so he moved for dismissal under Federal Rule of Civil Procedure 12(b), (Mot. to Dismiss 1, ECF No. 14).

A week later, the Government served Cook with these 19 *special interrogatories* under Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule G"):

1. Please **identify** yourself, including your full name, all other names you have used or by which you have been known, your age, date of birth, social security number, visa or "green card" number(s), any state or country's driver license number(s), your current address, and all addresses you have had in the past five years, stating as well the months and years you lived at each address.

2. Please **identify** your employment, including any self-employment, from January 1, 2016, to the present, by business name, state of incorporation or organization, address, telephone number, website(s) affiliated with the business, the nature of the business, its organizational structure, dates of employment, job title, your gross salary/income, and your net salary/income. If you are no longer employed at a listed place of employment, please explain the reason you are no longer so employed.

3. If you have ever been arrested or convicted of a crime in any country or state, list the date of the arrest or conviction, the charge(s), the name and address of the court in which you were convicted, the offense you were charged with or were convicted of, and the sentence or other outcome (i.e., prison term, probation). If probation was imposed, list the time-period during which you were under probation and the name, address, and telephone number of your probation officer. If you were incarcerated, list the institution where you were incarcerated and the period of time during which you were incarcerated. If you were paroled, list the date of your parole and the name, address, and telephone number of your parole officer. If you have been charged in a criminal case which is currently pending before any court, please state the date of the arrest, the charge(s), the name and address of the court in which you were charged, and provide the current status of the court case, including whether a guilty plea has been entered.

4. With respect to the **$128,915.00 in United States Currency,** are you the sole owner of the **defendant property**, or does it belong to another **person** known to you? If any part of **defendant property** belongs to another person or persons, **identify** the **person** or **persons**. If you believe that the **defendant property** is owned jointly by more than one person or entity, please explain the nature of your joint interest.

5. With respect to the **$128,915.00 in United States Currency,** please **identify** all **documents relating** to your answer to Special Interrogatory No. 4. Where any part of the **identification of a document** may be ascertained from the face of the document, you may attach a copy of the document in lieu of answering that portion of this special interrogatory.

6. With respect to the **$128,915.00 in United States Currency, state all facts relating** to your claim that you are the rightful owner of the **defendant property**, including:

    (a) the date(s), time(s), and place(s) in which you acquired any portion of the **defendant property**;

    (b) the identity of all **persons** from whom you received any portion of the **defendant property** and the identity of all persons who were present when you obtained any portion of the **defendant property**;

    (c) the manner in which the **defendant property** was delivered to your possession;

    (d) the intended purpose for you to acquire and/or hold the **defendant property**; and

    (e) **all facts** indicating that your acquisition of the **defendant property** was lawful.

7. If the **$128,915.00 in United States Currency** was lawfully obtained, **identify** any and all accounts that you have deposited or direct deposited your money (i.e. earnings, insurance settlements, gifts, inheritances, etc.) into; the name or names of the holder of the account(s); the number of the account(s); the name, address, and telephone number of the financial institution(s), broker(s), or other entity which had custody of the account(s); the source of the funds in the account(s); when the funds were withdrawn from the account.

8. With respect to the **$128,915.00 in United States Currency**, if any of the **defendant property** was withdrawn from a bank or financial institution, please describe and **identify** any documents evidencing the withdrawal, including the date and location of the withdrawal.

9. With respect to the **$128,915.00.00 in United States Currency**, state the reason why you maintained the **defendant property** in the form of currency instead of depositing with a financial institution.

10. With respect to the **$128,915.00 in United States Currency,** if any of the **defendant property** was obtained by you in the form of a check and converted to cash, list the payor and payee of the check(s), the amount thereof, the approximate date the check was written, the date and place where the check was cashed or deposited, and the dates and places where the cash has been kept since the check was converted to cash. If you originally received any portion of the **defendant property** in some other form besides cash or check, list the form of payment, the amount of the payment, and the reason such payment was made to you or to such other person or organization. Please **identify** each witness (by name, address and telephone number) and each document (and the name, address and telephone number of the custodian of the document) that supports your answer.

11. With respect to the **$128,915.00 in United States Currency,** did you claim all or any part of the **defendant property** on any federal, state or local income tax return for the tax years 2016 through 2019? If so, identify each such return and the amount reported on each such return. If not, state why the **defendant property** was not reported on any such tax returns. If you did not file a federal income tax return for any of those years, explain the reason for not doing so.

12. With respect to the **$128,915.00.00 in United States Currency,** i**dentify** all **persons** known or believed by you to have knowledge of, or information pertaining to, your claim to the **defendant property**, including their full names, any other names they are known by, their addresses, and their phone numbers, and summarize or state the knowledge or information held by each such **person**.

13. With respect to the **$128,915.00 in United States Currency,** explain the reason why the **defendant property** was rubber-banded in a Nike duffel bag and in a small Revelry brand bag and located in the vehicle driven by you on February 7, 2020, including how long the currency had been in the vehicle before it was seized, the reason it was placed in the vehicle, and the name and telephone of the person(s) who placed it there.

14. Have you ever had currency seized from you or from anyone transporting currency on your behalf or the behalf of any person or entity associated with you by a law enforcement agent on any other occasion? If so, state the date and place of such seizure, the circumstances of the seizure, the amount of currency seized, the title of any judicial proceeding that resulted from the seizure and the court where such proceeding was filed, and the disposition of the seizure (i.e., whether you recovered the currency, defaulted or did not contest the seizure, or litigated but failed to recover the currency).

15. With respect to the **$128,915.00 in United States Currency, identify** and document any additional information relevant to your interest in the **defendant property**, to the extent such information is not previously set out in your answers above.

16. During the investigation in this case, when agents asked if you wanted to explain the currency located in your vehicle, you responded, "I can't, they will kill me." Explain what you meant by that statement and **identify** who "they" are that you referred to including full names, addresses and telephone numbers.

17. During the investigation in this case, you stated that you were returning from helping your grandmother during her move to Indiana. **Identify** your grandmother, including her name, current (Indiana) and previous (California) addresses and her current telephone number.

18. During the investigation in this case, you stated that you are currently a student in Utah, but you live in California. **Identify** the school that you attend, how many hours you attend, and what your major is.

19. **Identify** the individual answering these special interrogatories and all **persons** who provided information in connection with your response to these special interrogatories.

(*See* Resps. & Objs. to Special Interrogs. 1–9, ECF No. 16-1 (emphasis in original)).

Cook only answered numbers 1, 4, and 19, arguing that the rest fall beyond the scope of Rule G. (*See id.*). The Government now asks the Court to compel Cook to answer the rest. (Mot. to Compel Resps. to Special Interrogs. 1, ECF No. 16).

## II. LAW & ANALYSIS

The Government can seize money that it believes is traceable to a controlled-substance offense. *See* 18 U.S.C. §§ 881(a)(6). The "seizure may be made without a warrant if . . . a complaint for forfeiture has been filed in the United States district court and the court issued an arrest warrant in rem pursuant to [Rule G]." *Id.* § 981(b)(2).

If an individual wants to dispute the forfeiture, then he can file a claim with the district court. Rule G(5)(a). He then has 21 days to move for dismissal under Federal Rule of Civil Procedure 12(b). Rule G(5)(b).

That said, only "[a] claimant who establishes **standing** to contest forfeiture may move to dismiss the action under Rule 12(b)." Rule G(8)(a) (emphasis added).

> First, pleading Article III standing in a civil forfeiture action requires no more than alleging that the Government should be ordered to turn over to the claimant money held by it that belongs to him. Second, the "more" that Rule G requires beyond compliance with Article III is . . . compliance with the simple procedural requirements listed in Rule G(5). A claim must be signed under penalty of perjury. It must be served on the Government. It must identify the specific property claimed and the claimant. The last relevant requirement of Rule G(5) . . . [is] that the claimant must state what interest he or she has in the property.

*In re Funds in the Amount of $239,400*, 795 F.3d 639, 644 (7th Cir. 2015) (internal citations and quotation marks omitted). "At the pleading stage a [claimant] need only allege, not prove, facts establishing standing." *Id.* at 652. To that end, the claimant need not "demonstrate 'legitimate' ownership of the defendant property to show standing" because " 'standing and ownership come into play at different stages in the civil forfeiture case and are governed by different bodies of law.' " *Id.* (quoting Stefan D. Cassella, *Asset Forfeiture Law in the United States* § 9-4, 326–27 (2d ed. 2013)). The claimant bears the "burden of establishing standing by a preponderance of the evidence." Rule G(8)(c)(ii)(B).

If the claimant moves for dismissal under Rule 12(b), then the Government has 21 days to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property . . . ." Rule G(6)(a). "These interrogatories are 'special' in the sense that they may address only that subject," and "[t]he objective . . . is to ensure that the Government may challenge the **standing** of the claimant before the court decides a motion to dismiss . . . ." 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3266 (3d ed. 2020) (emphasis added). That is why "[t]he Government need not respond to a claimant's motion to dismiss the action . . . until 21 days after the claimant has answered these interrogatories." Rule G(6)(b).

Finally, if the Government determines that the claimant lacks standing "[a]t any time before trial," then it can "move to strike" the claim. Rule G(8)(c)(i)(B). The Court must rule on the motion to strike "before any motion by the claimant to dismiss the action . . . ." Rule G(8)(c)(ii)(A).

Here, the Government's special interrogatories "inquire about [Cook's] employment, criminal history, nature of his ownership interest, relevant documents, details of acquisition of the currency, bank accounts, whether the currency was represented by check or claimed on income tax returns, the identity of the person who would kill him if he spoke, and related matters." (Mot. to Compel Resps. to Special Interrogs. at 10). But Cook argues that these inquiries go beyond the scope of Rule G. The Court agrees.

The Government attempts to justify the breadth of its special interrogatories by asserting that they are necessary to determine whether "the currency seized from [Cook] is truly his and his alone," and whether Cook "has a legitimate source of income that would justify the cash he was carrying." (*Id.* at 9). But the Seventh Circuit rejected that argument in *In re Funds in the Amount of $239,400*. True enough, that case did not involve special interrogatories: The question was whether the claimants demonstrated standing at the summary-judgment stage. 795 F.3d at 640.

But as here, the Government argued that "the claimants, in order to prove their standing, [had] to show their claims to the disputed currency are 'legitimate.' " *Id.* The Seventh Circuit shunned that position: "There is no basis in our precedents for the view that Rule G requires a claimant to demonstrate 'legitimate' ownership of the defendant property to show standing." *Id.* at 644. Whereas the Government argued that such a showing was needed to "discourage frivolous claims," the Seventh Circuit cautioned that such an approach would erroneously meld "standing and the merits . . . . If deciding standing meant deciding 'legitimate' ownership, then judges would functionally be deciding forfeitability," thus depriving claimants "of their right to a jury trial under Rule G(9)." *Id.* at 646. Put differently, "[s]tanding must be clearly separated from the merits in civil forfeiture cases so that the Government is not relieved of its burden to prove that the property is subject to forfeiture." *Id.* at 647 (internal citations and quotation marks omitted).

With that in mind, Rule G allows the Government to serve special interrogatories limited to Cook's identity and relationship to the cash. Yet only numbers 1, 4, and 19 are so limited. Where Cook works, whether he has a criminal history, whether he is the "rightful owner" of the cash, where he held the cash before its seizure, why the cash was not in a bank, whether he paid taxes on the cash, whether there are others that know about the cash, why the cash was in his car, whether he ever had other cash seized from him, why he made certain statements during the traffic stop, who his grandmother is, where he went to school—all these questions aim to challenge the veracity of Cook's claim of ownership. And although the Seventh Circuit in *In re Funds in the Amount of $239,400* did not specifically address special interrogatories, it clarified the meaning of **standing** under Rule G—the object of special interrogatories. Because the Government's special interrogatories foreshadow a motion to strike that would meld standing and the merits, the Court will not compel Cook to respond.

— 9 —

### III.  CONCLUSION

The Court **DENIES** the Government's Motion to Compel Responses to Special Interrogatories and **ORDERS** the Government to respond to Cook's pending Motion to Dismiss by February 12, 2021

**IT IS SO ORDERED.**

**Dated: Monday, January 25, 2021**

<u>S/J. Phil Gilbert</u>
**J. PHIL GILBERT
UNITED STATES DISTRICT JUDGE**
